SO ORDERED: March 14, 2008.



_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHARLES CHRISTOPHER HOUSE ) | CASE NO. 07-374-AJM-7 |
| ) | |
|     Debtor ) | |
| _____) | |
| ) | |
| RHONDA MITCHEM ) | |
| ) | |
|     Plaintiff ) | |
| ) | Adversary Proceeding |
| ) | No. 07-50354 |
|     v. ) | |
| ) | |
| CHARLES CHRISTOPHER HOUSE ) | |
| ) | |
|     Defendant ) | |
| _____) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT**

Rhonda Mitchem ("Plaintiff") filed her Complaint to Determine

Dischargeability of a civil judgment owed to her by Charles Christopher House

1

("Debtor" or "Defendant") on May 14, 2007. Trial on the complaint was held on February 15, 2008. The Plaintiff appeared in person and with counsel Thomas Burke and Richard Walker. The Defendant appeared in person and by counsel James D. Gillespie. The Court heard the testimony of the witnesses, the oral arguments of counsel, and at the conclusion of the trial the Court ruled that the debt owed by the Defendant to the Plaintiff was dischargeable. The following are findings and conclusions in accordance with Fed. R.Bankr. P. 7052.

## FINDINGS OF FACT

1. Prior to June 27, 2001, the Debtor's residence at 1620 Euclid Dr, Anderson, Indiana, had been broken into and burglarized. The Debtor had been informed that a Michael Watson and another male had been the perpetrators of the burglary. On June 27, 2001, the Debtor was walking outside near his house when he saw both Michael Watson and another male. Believing that they were headed to his house to again break into it, the Debtor headed back to his house.

2. When the Debtor arrived in the vicinity of his house, he heard a loud crash which sounded like glass breaking. The Debtor went to the front door and unlocked it. When he entered the house, he was standing in his living room and he saw a door to a bedroom close and heard a noise coming from the bedroom.

3. The Debtor attempted to open the bedroom door, but it was being pushed shut by an individual on the other side in the bedroom. The Debtor fired

2

  three gunshots through the bedroom door and when he opened the door, he saw a Donte Mitchem. Mitchem later died from the gunshot wound.

4. The Anderson Police Department investigated the incident, and charged the Debtor with carrying a handgun without a permit. The Debtor was not charged with a crime related to firing the gunshot that killed Mitchem.

5. Mitchem was the Plaintiff's son. In January 2003 the Plaintiff sued the Defendant for the wrongful death of her son in the Madison Superior Court, 1, ("Trial court") Anderson, Indiana, under cause number 48DO1-0301-CT-00031.

6. The Debtor could not afford counsel to defend him in the Trial Court. The trial court entered a default judgment against the Debtor and for the Plaintiff on March 21, 2003 in the amount of $501,314.00.

7. The defendant filed his voluntary petition under Chapter 7 on January 18, 2007 .

## CONCLUSIONS OF LAW

### 11 U.S.C. §523(a)(6)

1. The Plaintiff alleges that the debt is nondischargeable under §523(a)(6) of the Bankruptcy Code. Exceptions to discharge under Section 523 are "to be construed strictly against the creditor and liberally in favor of a debtor." *In re Scarlata,* 979 F.2nd 521, 524 (7th Cir. 1992). A creditor that brings a Section 523 action seeking a determination of nondischargeability bears the burden of proving all the elements of the statute by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 289-90; 111 S.Ct. 654, 661 (1991).

2. Under Section 523(a)(6), an individual debtor shall not be allowed a discharge for any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." More than a negligence standard is required, as debts arising from recklessly or negligently inflicted injuries do not fall within the ambit of §523(a)(6). The "willful" element of §523(a)(6) requires that there be an intentional injury, not just an intentional act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974 (1998).

3. The Debtor here testified at trial that he believed that he acted in self-defense in discharging the firearm. The Anderson Police Department responded to the incident. No criminal charges were filed or brought against the Debtor with respect to the shooting of Michem which resulted in his death. The judgment of the trial court was a default judgment which

4

made no findings with respect to intent or willfulness of the Debtor's acts. See also, *In re Garrett*, 36 B.R. 131 (Bankr. N. D. Miss. 1983).

4. The Court concludes that the Plaintiff has failed to sustain her burden of proof by showing by a preponderance of the evidence that Debtor's conduct was "willful and malicious."

## JUDGMENT

IT IS ORDERED THAT the Court finds in favor of the Debtor/ Defendant and against the Plaintiff and that the debt owed to the Plaintiff by the Debtor/ Defendant is dischargeable under 11 U.S.C. §523(a)(6).

# # # #

Distribution:

James D. Gillespie, Attorney for Defendant
Richard Walker, Attorney for Plaintiff
Thomas Burke, Attorney for Plaintiff
U.S. Trustee

5